# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHRAF DARWISH, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SUMMIT COLLECTION SERVICES INC.; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, ASHRAF DARWISH, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, SUMMIT COLLECTION SERVICES INC. ("SUMMIT COLLECTION"), JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of Bergen County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      SUMMIT COLLECTION maintains a location at 50 Franklin Turnpike, #102, Ho Ho Kus, New Jersey 07423.

8.      Upon information and belief, SUMMIT COLLECTION uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      SUMMIT COLLECTION is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from SUMMIT COLLECTION, which included the alleged conduct and practices described herein.

    The class definition may be subsequently modified or refined.

    The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(3);1692e(5); and 1692e(10);

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime before December 1, 2017, Plaintiff allegedly incurred a financial obligation to BIRCH TREE MEDICAL ASSOCIATES ("BIRCH TREE MEDICAL").

16. The BIRCH TREE MEDICAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the BIRCH TREE MEDICAL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the BIRCH TREE MEDICAL obligation for business purposes.

19. The BIRCH TREE MEDICAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. BIRCH TREE MEDICAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before December 1, 2017, BIRCH TREE MEDICAL referred the BIRCH TREE MEDICAL obligation to SUMMIT COLLECTION for the purpose of collections.

22. At the time BIRCH TREE MEDICAL referred the BIRCH TREE MEDICAL obligation to SUMMIT COLLECTION, the obligation was past due.

23. At the time BIRCH TREE MEDICAL referred the BIRCH TREE MEDICAL obligation to SUMMIT COLLECTION, the obligation was in default.

24. Defendant caused to be delivered to Plaintiff a letter dated December 1, 2017, which was addressed to Plaintiff and sought a balance of $1,050.00. **<u>Exhibit A</u>,** which is fully incorporated herein by reference.

25. The December 1, 2017 letter was sent to Plaintiff in connection with the collection of the BIRCH TREE MEDICAL obligation.

26. The December 1, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the December 1, 2017 letter.

28. The December 1, 2017 letter stated in part that:

> **Your creditor has provided this office with written authorization to litigate your account**. Please call our office as soon as you receive this notice.
>
> **We are prepared to resolve your account** but need to hear from you. **To avoid further activity**, remit the balance of your account…or…call our office to make a payment plan. (emphasis added)

## POLICIES AND PRACTICES COMPLAINED OF

29. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the attempted collection of a debt;

   (b) Making a false representation of the character or legal status of the debt;

   (c) Making a false representation or implication that the communication is from an attorney; and

   (d) Threatening an action that was not intended to be taken.

30. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

31. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

32. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

33. Defendant's collection letters and/or notices would cause the least sophisticated consumer to be confused as to his or her rights.

34. Defendant's letters were designed to cause the least sophisticated consumer to be confused as to his or her rights.

35. The content of Defendant's letter was designed to cause the least sophisticated consumer to believe that the communication was from an attorney and/or that Defendant could institute legal action.

36. The content of Defendant's letter was designed to cause a false sense of urgency for the least sophisticated consumer to pay the obligation.

37. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

38. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

39. Defendants violated 15 U.S.C. § 1692e of the FDCPA by creating a false sense of urgency to pay the debt to avoid litigation.

40. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character or legal status of the debt.

41. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing to Plaintiff that Defendant was given written authorization to institute suit on behalf of the creditor.

42. Defendants violated 15 U.S.C. § 1692e(3) of the FDCPA in connection with its communications to Plaintiff and others similarly situated by falsely representing or implying that the communication was from an attorney or that Defendant could institute legal action.

43. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

44. Defendants violated 15 U.S.C. § 1692e(5) of the FDCPA by falsely threatening litigation if payment was not received when such action was not intended to be taken as of the date of Defendant's letter.

45. Defendants' use of the phrases "written authorization to litigate your account," "resolve your account," "avoid further activity," as well as other legalese contained in Defendant's letter would cause the least sophisticated consumer to believe that Defendants may institute suit to attempt to recover the BIRCH TREE MEDICAL obligation when no such lawsuit was specifically authorized and/or intended to be filed by Defendants.

46. Defendants' use of the phrases "written authorization to litigate your account," "resolve your account," "avoid further activity," as well as other legalese contained in Defendant's letter would cause the least sophisticated consumer to believe that Defendant's communication was from an attorney or that Defendant intended to take legal action against Plaintiff.

47. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

48. Defendants violated 15 U.S.C. § 1692e(10) by falsely representing that it would litigate the obligation on behalf of the creditor.

49. Defendants violated 15 U.S.C. § 1692e(10) by falsely threatening to take an action that was not intended to be taken.

50. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

51. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

52. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

53. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

54. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

55. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 21, 2018

          *s/ Joseph K. Jones*
          Joseph K. Jones, Esq. (JJ5509)
          JONES, WOLF & KAPASI, LLC
          375 Passaic Avenue, Suite 100
          Fairfield, New Jersey 07004
          (973) 227-5900 telephone
          (973) 244-0019 facsimile
          jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 21, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

Summit Collection Services Inc
P.O. Box 306
Hohokus, NJ 07423-0306
201-251-1000

December 1, 2017

Ashraf Darwish

RE:   Birch Tree Medical Associates          5000

                                    TOTAL:              $1,050.00

Your creditor has provided this office with written authorization to litigate your account. Please call our office as soon as you receive this notice.

We are prepared to resolve your account but need to hear from you. To avoid further activity, remit the balance of your account… or…call our office to make a payment plan.

Sincerely, Summit Collection Services, Inc., A Professional Debt Collection Agency.
------------------------------------------------------------------------

Please detach this portion of the letter and return with your payment.

Name:  Ashraf Darwish

Address:_____        Account#: ____473
_____                Amount Enclosed: $_____

Tel. # Day:_____       Evening #:_____

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This a communication from a debt collector.